UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE BENARD,<br><br>Defendant. | Case No. 12-cr-00780-SI-1<br><br>**ORDER DENYING MOTION TO STAY**<br>Re: Dkt. No. 39 |

Defendant Andre Benard has filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket No. 30. Defendant seeks to have his sentence vacated and to be re-sentenced without the enhancement for a prior crime of violence under 28 U.S.S.G. § 2K2.1, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). On July 21, 2016, the government filed a motion to stay defendant's petition, after the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544. Docket No. 39 ("Mot."). Defendant opposes the motion to stay. Docket No. 40 ("Opp'n.").

Under the facts of this case, the Court will deny the motion to stay. Defendant currently has an anticipated release date of December 14, 2016. Opp'n at 2. The government estimates that the Supreme Court will issue its decision in *Beckles* "by June 2017, if not before." Mot. at 1. The government primarily argues that "[a] stay will promote efficiency." *Id.* at 2. They say that, "[i]f the Supreme Court rules that *Johnson* is retroactive to the Guidelines, then this Court may decide the other issues raised by the Section 2255 motion without the delay caused by a remand from the court of appeals." *Id.* However, this will not be so if defendant has already completed his original sentence. Granting the motion to stay in this case would effectively result in a denial of defendant's petition on the merits. *See also United States v. Garcia*, No. 13-cr-0601-JST, Docket

No. 72, Order Denying Mot. to Stay ("Were the Court to wait until the Supreme Court issues its ruling in *Beckles* before ruling on Defendant's motion, such a delay might moot any relief . . ., especially given that Defendant's anticipated release date is June 28, 2017."). Where, as here, "there is even a fair possibility that the stay for which [one party] prays will work damage to someone else[,]" and that party has not "ma[d]e out a clear case of hardship or inequity in being required to go forward," the Court will deny the motion to stay. *See Landis v. N. American Co.*, 299 U.S. 248, 255 (1936).

For the foregoing reasons, the government's motion to stay is DENIED.

**IT IS SO ORDERED**.

Dated: July 29, 2016

SUSAN ILLSTON
United States District Judge