UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE BENARD,<br><br>Defendant. | Case No. 12-cr-00780-SI-1<br>16-cv-02692-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**<br><br>Re: Docket No. 30 |

On September 27, 2016, the Court held a hearing on the defendant's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Court GRANTS defendant's motion.

**BACKGROUND**

On October 25, 2012, a federal grand jury returned a one-count indictment charging Andre Benard ("defendant") with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Docket 1. Defendant pled guilty on April 18, 2013. Docket 18. The Court sentenced defendant on October 22, 2013, to 52 months imprisonment. Docket 24. Defendant's sentence was based an adjusted base offense level of 21 under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(a)(2), because he had two prior felony convictions, one for a "crime of violence" and one for a controlled substance offense; and defendant had a criminal history category of V. According to previous filings, defendant currently has an estimated release date of December 14, 2016. Docket 40, Oppo. to Mot. to Stay at 2. At the hearing, Mr. Benard stated that he has been in a half-way house in San Francisco since June 21, 2016.

On May 18, 2016, defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Docket 30. On July 29, 2016, the Court denied the government's request to stay the motion. Docket 41. At defendant's request, the Court held a hearing on September 27, 2016. Based on the arguments presented, the Court now GRANTS defendant's motion.

## LEGAL STANDARD

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b); *see also United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

## DISCUSSION

Before the Court is a motion by the defendant to vacate or correct his sentence under 28 U.S.C. § 2255. Defendant challenges his sentence in light of the recent Supreme Court decision in *Johnson v. United States*. In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") violates the Constitution's prohibition of vague criminal laws. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act . . . that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious*

2

*potential risk of physical injury to another . . . .*

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized words are referred to as the ACCA's residual clause. *Johnson* held that the residual clause of the ACCA "fails to give ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby "violat[ing] the first essential of due process." 135 S. Ct. at 2556-57 (citation omitted). The requirements of fair notice and enforcement standards "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2557 (citation omitted). For these reasons, *Johnson* found that "increasing a defendant's sentence under the [residual] clause denies due process of law." *Id*.

Defendant argues that he is entitled to relief because the U.S.S.G. calculation underlying his sentence has the same definition of a "crime of violence" that the Supreme Court determined was unconstitutionally vague in *Johnson.* Docket 30, Motion at 5. Defendant's sentence was enhanced pursuant to U.S.S.G. § 2K2.1(a)(2) based on his prior convictions for a controlled substance offense and a crime of violence. *See* Presentence Report ("PSR") ¶¶ 19, 24. Section 2K2.1(a)(2) refers to the Career Offender Guideline, U.S.S.G. § 4B1.2(a), which provides as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added).

Defendant's prior "crime of violence" consisted of first-degree burglary of an inhabited dwelling. PSR ¶ 24. With the enhancement because of this prior conviction, defendant's base offense level was 24. U.S.S.G. § 2K2.1(a)(2). After adjusting for his acceptance of responsibility, defendant's adjusted base offense level totaled 21. An adjusted base offense level of 21 and a criminal history category of V produced a U.S.S.G. range of 70-87 months. PSR ¶¶ 24-33. The Court adopted the presentence report's offense level recommendation but varied downward to sentence defendant to 52 months. Defendant argues that without the enhancement for his prior burglary conviction under the residual clause in U.S.S.G. § 4B1.2(a)(2), his base offense level

1   would have been 17 and his sentencing range 46-57 months. U.S.S.G. § 2K2.1(a)(4)(A). The
2   government does not dispute this calculation. *See* Docket 42, Oppo. at 10.

3   Although the residual clause in U.S.S.G. § 4B1.2(a)(2) is identical to the residual clause in
4   the ACCA (18 U.S.C. § 924 (e)(2)(B)), *Johnson* did not expressly address other sections of the
5   U.S.S.G. However, the Ninth Circuit makes "no distinction between the terms 'violent felony' [as
6   defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing
7   Guidelines] for purposes of interpreting the residual clause[s]." *United States v. Spencer*, 724
8   F.3d 1133, 1138 (9th Cir. 2013) (quoting *United States v. Crews*, 621 F.3d 849, 852 n.4 (9th Cir.
9   2010)) (alterations original). Furthermore, the government concedes that the "holding in *Johnson*
10  applies to the residual clause of Section 4B1.2 for cases on direct appeal." Oppo. at 4.

11  The government, however, argues that defendant is not entitled to relief for three reasons.
12  First, it argues that defendant "procedurally defaulted his *Johnson* claim and cannot show cause
13  and prejudice." *Id.* Second, it contends that "*Johnson* is not retroactive to challenges to the
14  [Sentencing] Guidelines." *Id.* at 7. Lastly, the government argues that even if defendant were
15  entitled to relief, his sentence should not be lowered based on his prior burglary conviction. *Id.* at
16  12.

17

18  **I.    Procedural Default**

19  A petitioner who challenges his sentence under § 2255 procedurally defaults his claim if he
20  did not first raise it on direct appeal. *United States v. Ratigan*, 351 F.3d 957, 960 (9th Cir. 2003).
21  However, there is an exception "if the defendant can first demonstrate either 'cause' and actual
22  'prejudice,' . . . or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622
23  (1998) (citations omitted). Here, the government argues that the defendant procedurally defaulted
24  his claim and cannot show cause and prejudice. Oppo. at 4.

25

26  **A.    Cause**

27  Showing cause generally "requires a showing of some external impediment preventing
28  counsel from constructing or raising the claim" on direct appeal. *Murray v. Carrier*, 477 U.S.

4

478, 492 (1986). The government argues that defendant "cannot show cause because he cannot show ineffective assistance of counsel in failing to raise a *Johnson* claim" and that "a claim of unconstitutional vagueness was not so 'novel' that Benard could be excused for failing to raise it." Oppo. at 6. Demonstrating cause to overcome procedural default, however, can be found in circumstances other than those attributable to ineffective assistance of counsel. Factors that constitute cause include "a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . ." *Murray*, 477 U.S. at 488. The Ninth Circuit has also held that "it has been the general rule in this circuit that 'constitutional claims may be raised in collateral proceedings even if the defendant failed to pursue them on appeal.'" *English v. United States*, 42 F.3d 473, 479 (9th Cir. 1994) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Further, "failure to object . . . is not fatal to [a § 2255] petition [where] well settled law precluded [the] claim at the time." *Kimes v. United States*, 939 F.2d 776, 778 (9th Cir. 1991). Therefore, defendant's failure to show ineffective assistance of counsel is not fatal to overcoming procedural default.

Defendant argues that the cause prong is satisfied because a vagueness challenge to the residual clause in U.S.S.G. § 4B1.2(a)(2), which is identical to the residual clause in the ACCA (18 USC § 924(e)(2)(B)(ii)), would not have succeeded because it was twice foreclosed by the Supreme Court in *James v. United States*, 550 U.S. 192 (2007) and *Sykes v. United States*, 564 U.S. 1 (2011). Both of these cases upheld the validity of sentences imposed under the residual clause in the ACCA. *See Skyes*, 564 U.S. at 10 (vehicular flight crime under Indiana law); *James*, 550 U.S. at 203 (attempted burglary under Florida law). *James* further explained that "[n]othing in the language of § 924(e)(2)(B)(ii) [ACCA's residual clause] rules out the possibility that an offense may present 'a serious risk of physical injury to another' without presenting as great a risk as any of the enumerated offenses." 550 U.S. at 209. *Johnson* explicitly overruled these decisions because they "failed to establish any generally applicable test that prevents the risk comparison required by the residual clause from devolving into guesswork and intuition." 135 S. Ct. at 2559.

Accordingly, defendant has demonstrated cause for his procedural default. *See also United States v. Stamps*, No. 13-cr-238-CW, 2016 WL 3747286, at *3 (N.D. Cal. June 29, 2016) (stating

5

1  that defendant showed cause despite not raising a *Johnson* claim on direct appeal because the
2  theory that the residual clause in U.S.S.G. § 4B1.2(a)(2) was unconstitutionally vague would not
3  have succeeded).

### B. Prejudice

After establishing cause, defendant must also demonstrate prejudice. The Supreme Court has "refrained from giving 'precise content' to the term 'prejudice' . . . ." *United States v. Frady*, 456 U.S. 152, 168 (1982). However, it has established that the showing required is "significantly greater than that necessary under 'the more vague inquiry suggested by the words 'plain error.'" *Murray*, 477 U.S. at 493-94 (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). Furthermore, the alleged error must have "worked to [the defendant's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Braswell*, 501 F. 3d 1147, 1150 (9th Cir. 2007) (quoting *Frady*, 456 U.S. at 170). The Ninth Circuit has determined that "[a] defendant bears the burden to show her substantial rights were affected and, to do so, must establish that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Bonilla-Guizar*, 729 F.3d 1179, 1187 (9th Cir. 2013) (internal quotation marks omitted).

Defendant contends that he has shown prejudice because, but for the "crime of violence" finding under U.S.S.G. § 2K2.1(a)(2) and the applied enhancement, he could have received a shorter sentence. Docket 43, Reply at 5. The government argues that defendant cannot show prejudice because he was sentenced after *United States v. Booker*, 543 U.S. 220 (2005), which held the U.S.S.G. to be merely advisory. Oppo. at 6. In addition, the government relies on *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), to support its contention that "a defendant should have to shoulder an additional burden and show more than an error in the calculation of the Guidelines." *Id.* at 7.

The Court disagrees. First, the Supreme Court's decision in *Peugh v. United States* stated that "[t]he post-*Booker* federal sentencing scheme aims to achieve uniformity by ensuring that sentencing decisions are anchored by the Guidelines" and "district courts *must* begin their analysis

6

with the Guidelines and remain cognizant of them throughout the sentencing process." 133 S. Ct. 2072, 2083 (2013) (quoting *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)). Additionally, *Peugh* stated that "[e]ven if the sentencing judge sees a reason to vary from the Guidelines, 'if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence*.'" *Id.* (quoting *Freeman v. United States*, 564 U.S. 522, 529 (2011)).

The Court further finds that the government erroneously relies on *Molina-Martinez*. The Supreme Court held in *Molina-Martinez* that "a defendant sentenced under an incorrect Guidelines range should be able to rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range." 136 S. Ct. at 1349. *Molina-Martinez* further explained that "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 1345. Recently, Judge Tigar of this district observed that in *Molina-Martinez,* "the Supreme Court concluded that under the plain error standard applied pursuant to Fed. R. Crim. P. 52(b), a showing of an incorrectly calculated Guidelines range 'will suffice for relief if the other requirements of Rule 52(b) are met.'" *United States v. Garcia*, --- F. Supp. 3d ----, No. 13-cr-00601-JST, 2016 WL 4364438, at *7 n.3 (N.D. Cal. Aug. 16, 2016). Judge Tigar also noted that "simply because *Molina-Martinez* held that an incorrectly calculated Guidelines range shows prejudice under the lower plain error standard, does not mean that an incorrectly calculated Guidelines range cannot show prejudice under the higher procedural default standard." *Id.*

Finally, the Court disagrees with the government's argument that defendant should not be resentenced because the 52-month sentence imposed falls within the new range proposed by defendant. Oppo. at 13. In *Gall v. United States*, the Supreme Court has held that "improperly calculating the Guidelines range" is a "significant procedural error." 552 U.S. at 51; *see also United States v. Munoz–Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011). Moreover, in *United States v. Bonilla-Guizar*, the Ninth Circuit explained that

> [t]he sentencing error raised [defendant's] base offense level from 32 (sentencing range of 168–210 months) to 34 (sentencing range of 210–262 months). The district court applied a downward variance in sentencing [defendant] to 188 months. Had the district court properly calculated [defendant's] sentencing range, it may still have applied the downward variance, resulting in a sentence of less than 188 months. The fact that [defendant's] actual sentence chanced to fall within the proper sentencing range does not alter the fact that the district court plainly erred when calculating the range of his sentence, thus affecting his substantial rights.

729 F.3d at 1188-89.

Here, although the sentence of 52 months was a downward departure from the 70-87 months in the U.S.S.G. range, the U.S.S.G. calculation "worked to [defendant's] actual and substantial disadvantage." *See Frady*, 456 U.S. at 170. Accordingly, the Court finds that defendant has shown both cause and prejudice to excuse his procedural default.

## II.   Retroactivity

In *Teague v. Lane*, the Supreme Court held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." 489 U.S. 288, 310 (1989). *Teague* articulated exceptions, however, if the rule is substantive or a "watershed" rule of criminal procedure. *Id.* at 311. "A rule is substantive rather than procedural if it alters the range of conduct or class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). A rule is procedural when it "regulate[s] only the *manner of determining* the defendant's culpability . . . ." *Id.* (citing *Bousley*, 523 U.S. at 620).

The government argues that *Johnson* is not retroactive because it involves "a procedural application of the Sentencing Guidelines, not a substantive interpretation of a statute." Oppo. at 7. The government acknowledges that the Supreme Court has held that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). However, the government argues that *Welch* is distinguishable from the present case because "[m]isapplications of the Sentencing Guidelines do not have the same consequences that the Court identified in *Welch*." Oppo. at 9. In other words, according to the government, an application of the U.S.S.G. that results in a career offender designation is not a

1    substantive interpretation, but rather procedural because they are merely subject to higher advisory
2    Guidelines ranges; it does not affect the statutory maximum or minimums as it does in the ACCA.

3          Judge Tigar recently considered and rejected this same argument in *Garcia*. There, he
4    considered *Reina-Rodriguez v. United States*, 655 F.3d 1182 (9th Cir. 2011), in which the Ninth
5    Circuit examined whether its prior decision in *United States v. Grisel*, 488 F.3d 844 (9th Cir.
6    2007) should apply retroactively under *Teague*. *See Garcia*, 2016 WL 4364438, at *6. In *Grisel*,
7    the Ninth Circuit held that Oregon's second-degree burglary law was not categorical burglary for
8    purposes of the ACCA. *Grisel*, 488 F.3d at 851. The Ninth Circuit later applied *Grisel*
9    retroactively to a case involving a sentencing enhancement under the U.S.S.G., finding that a
10   decision which "altered the conduct that substantively qualifies as burglary under the categorical
11   approach" for purposes of the ACCA was a substantive rule and eligible for retroactive application
12   under *Teague*. *Reina-Rodriguez*, 655 F.3d at 1189. In *Garcia*, Judge Tigar observed that the
13   holding in *Reina-Rodriguez* did not "distinguish between *Grisel* in the ACCA context and *Grisel*
14   in the Guidelines context." *Garcia*, 2016 WL 4364438, at *6 (quoting *United States v. Dean*, ---
15   F. Supp. 3d ----, No. 13-cr-137, 2016 WL 1060229, at *16 (D. Or. Mar. 15, 2016)). According to
16   *Garcia*, "a rule that is substantive in the first context is substantive in the second context" and
17   thereby, "under *Reina-Rodriguez*, *Johnson* is also a substantive rule in the Guidelines context."
18   *Id.* (quoting *Dean*, 2016 WL 1060229, at *16). Judge Wilken of this district has similarly
19   determined that the Supreme Court's decision in *Welch* and the Ninth Circuit's decision in *Reina-*
20   *Rodriguez* mandate in favor of finding that *Johnson* applies retroactively to the Sentencing
21   Guidelines. *See United States v. McGary*, No. 14-cr-13-CW, 2016 WL 4126451, at *5-6 (N.D.
22   Cal. Aug. 3, 2016); *Stamps,* 2016 WL 3747286, at *5-6.

23         The Court agrees with the reasoning of *Garcia*, *McGary*, and *Stamps*. The Court notes that
24   the Supreme Court recently granted *certiorari* in *Beckles v. United States*, 136 S. Ct. 2510 (2016),
25   to address whether *Johnson* applies retroactively to other provisions of the Sentencing Guidelines.
26   Nevertheless, *Welch* expressly stated that *Johnson* was substantive because it "affected the reach
27   of the underlying statute rather than the judicial procedures by which the statute is applied." 136
28   S. Ct. at 1265. As with the ACCA, applying *Johnson* to the Sentencing Guidelines also "alter[s]

9

'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* (quoting *Schriro*, 542 U.S. at 353 (2004)) (alteration original); *see also Stamps*, 2016 WL 3747286 at \*6.  Accordingly, "*Johnson* substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines" and applies retroactively. *See Stamps*, 2016 WL 3747286 at \*6 (quoting *Dean*, 2016 WL 1060229, at \*16).

### III. California Burglary Statute, Penal Code Section 459

The government argues that because defendant's prior conviction involved burglary of an inhabited dwelling, his sentence should be upheld as an enumerated crime of violence under U.S.S.G § 4B1.2, rather than as a crime of violence under the residual clause. *See* Oppo. at 12-13.

In *Descamps v. United States*, the Supreme Court held that a prior burglary conviction under California law is not a violent felony within the meaning of the ACCA. 133 S. Ct. 2276 (2013).  While generic burglary "requires an unlawful entry along the lines of breaking and entering[,]" California's burglary statute, Penal Code Section 459, does not. *Id.* at 2285. Therefore, "a conviction under that law [§ 459] cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id.* at 2283.

The government argues that the Court should not resentence defendant because his burglary conviction "involved the invasion of a dwelling" and "[b]ut for the wording of the California burglary statute (Penal Code Section 459), it would have fallen within the definition of a crime of violence . . . ." Oppo. at 13.  This argument directly contradicts the Supreme Court's finding in *Descamps*. *See Descamps*, 133 S. Ct. at 2286 ("Whether [the defendant] *did* break and enter makes no difference.").  Further, the government's argument asks the Court to speculate about whether defendant would have been convicted if unlawful entry were an element of California's burglary statute.  The Court declines to do so.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's § 2255 motion.  The Court will vacate and set aside the Judgment. *See* Docket 26.

The Court will resentence defendant **on October 14, 2016 at 10:00 a.m.** The Probation Office is directed to prepare a supplemental Presentence Investigation Report. The parties shall file their sentencing memoranda at least one week prior to the hearing, in accordance with the Criminal Local Rules and the Court's Standing Order.

**IT IS SO ORDERED**.

Dated: September 27, 2016

_____
SUSAN ILLSTON
United States District Judge